Case 4:25-cv-00182   Document 41   Filed on 08/19/25 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND JOHNSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:25-CV-182 |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## JUDGE DENA PALERMO'S
## REPORT AND RECOMMENDATION[1]

Before the Court is Defendants Lakeview Loan Servicing, LLC and LoanCare LLC's motion to dismiss. ECF No. 24. The moving Defendants[2] argue that all of Plaintiff's claims "rest on his erroneous theory that Moving Defendants lack standing to foreclose because [they] cannot produce the original Note." ECF No. 24 at 3. *Pro se* Plaintiff filed a response, ECF No. 25, and the moving Defendants filed a reply, ECF No. 27. Based on the briefing, the relevant law, and the record, the Court finds that Plaintiff's claims rely on a "show-me-the-note" theory, which is invalid under Texas law. Therefore, the Court recommends the motion to dismiss be granted and Plaintiff's claims be dismissed with prejudice.

---

[1] On January 24, 2025, the assigned district judge referred all pretrial proceedings to this Court. ECF No. 9.

[2] Codilis & Moody, P.C. is also named as a defendant. Although it did not join the motion to dismiss, Plaintiff does not differentiate between each of the defendants in his claims. The following analysis therefore also applies to Plaintiff's claims against Codilis & Moody.

1

## I. BACKGROUND

On or around May 7, 2021, Plaintiff executed a Note in favor of Lakeview Loan Servicing in exchange for a loan in the principal amount of $261,250.00. ECF No. 21 at 3. As security for the Note, Plaintiff and his wife executed a Deed of Trust on the real property at: 1027 FM 155, Weimar, Texas 78962, in favor of the lender, Lakeview Loan Servicing. ECF Nos. 21 at 3; 24-1. On October 4, 2024, MERS, as beneficiary and nominee of Lakeview Loan Servicing, assigned its rights in the Deed of Trust to Lakeview Loan Servicing. ECF No. 24-2.[3] LoanCare is the mortgage servicer. ECF No. 21 at 3.

On November 14, 2024, Lakeview Loan Servicing, through its counsel, Codilis & Moody, mailed Plaintiff a notice of acceleration and a notice of foreclosure sale scheduled for January 7, 2025. ECF No. 21 at 3. Plaintiff filed the instant action in state court to stop the foreclosure sale. ECF No. 1-1. Defendants removed the case to federal court based on diversity jurisdiction. ECF No. 1.

## II. RELEVANT LAW

"A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure 'is viewed with disfavor and is rarely granted.'" *Holt v. Houston Methodist Sugar Land Hosp.*, No. CV H-19-0564, 2020 WL 10867511, at *1 (S.D.

---

[3] The Court takes judicial notice of the Deed of Trust, ECF No. 24-1, and the Assignment, ECF No. 24-2, because both were publicly recorded in the Official Public Records of Colorado County, Texas. *See Preston v. PHH Mortgage Corp.*, No. 4:23-CV-03857, 2024 WL 4008196, at *n.2 (S.D. Tex. Aug. 29, 2024).

2

Tex. Feb. 28, 2020) (quoting *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)); citing *Shaikh v. Texas A&M Univ. Coll. of Med.*, 739 F. App'x 215, 218 (5th Cir. June 20, 2018)). The Court accepts the factual allegations in the complaint as true and construes the facts in the light most favorable to Plaintiff. *Id.* (citing *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017) (citing *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017))).

But the complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); citing *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012)). "When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and 'then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679; citing *Doe v. Robertson*, 951 F.3d 383, 387 (5th Cir. 2014)). Further, the factual allegations must demonstrate that Plaintiff is entitled to relief under a valid legal theory. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). Importantly, a *pro se* complaint must be "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); citing *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019)).

### III.  THE MOTION TO DISMISS SHOULD BE GRANTED.

Plaintiff's amended complaint asserts claims against Defendants for wrongful foreclosure, fraudulent misrepresentation, breach of contract, violations of the Texas Debt Collection Act ("TDCA"), and violations of the Real Estate Settlement Procedures Act ("RESPA"). ECF No. 21 at 2–3. Because most of these claims rest on Plaintiff's reliance on his erroneous "show-me-the-note" theory and otherwise fail to state a claim, they should be dismissed.[4]

#### A.  Plaintiff's Wrongful Foreclosure Claim Should Be Dismissed.

In support of his wrongful foreclosure claim, Plaintiff alleges that Defendant "[f]ailed to prove legal standing before initiating foreclosure" and wrongfully "[a]ttempted to foreclose on the property without possessing the original note." ECF No. 21 at 2. Defendants move to dismiss this claim because under Texas law, a mortgagee, like Lakeview Loan Servicing, or mortgage servicer, like LoanCare, can foreclose under a deed of trust regardless of whether it is a holder or owner of the note. ECF No. 24 at 4. Defendants argue that they are not required to show their

---

[4] In response to the motion to dismiss, Plaintiff wholly fails to address the deficiencies raised and instead argues that his claims are grounded in equity, citing the clean hands doctrine, constructive trust, and equitable estoppel as bases for relief. ECF No. 25. As Defendants point out, this does not excuse Plaintiff from the requirement that he must allege plausible claims for relief. Even so, Plaintiff's reliance on these doctrines is unavailing because Plaintiff fails to plead any facts in support of applying these doctrines. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 56.

ownership or possession of the original Note to foreclose. ECF No. 24 at 4–5.

Indeed, applying Texas law, "[t]he Fifth Circuit has made clear that there is no requirement for a foreclosing party to produce the original note bearing a wet ink signature, often referred to as the 'show-me-the-note' theory." *De Novo Dymante Express Tr. v. Freedom Mortgage Corp.*, No. CV H-24-3051, 2024 WL 4256440, at *3 (S.D. Tex. Sept. 19, 2024) (citing *Martins v. BAC Home Loans Servicing, L.P.*, 772 F.3d 249, 254 (5th Cir. 2013)); *Adams v. Wells Fargo Bank, N.A.*, No. CV H-17-0265, 2017 WL 5177618, at *3 (S.D. Tex. Nov. 8, 2017) ("Plaintiff also asserts claims . . . referred to by the courts as 'split-the-Note' and 'show me the Note' claims. The Fifth Circuit has clearly and unequivocally rejected these claims.") (citing *Martins*, 722 F.3d at 254-55; *Casterline v. OneWest Bank, FSB*, 537 F. App'x 314, 316 (5th Cir. July 3, 2013)); *Roberson v. Bank of New York Mellon*, No. 3:17-CV-00190, 2018 WL 3091209, at *5 (S.D. Tex. May 23, 2018), *adopted*, No. 3:17-CV-00190, 2018 WL 3068873 (S.D. Tex. June 21, 2018) ("BONY need not possess the original note in order to foreclose. Thus, Roberson's 'show-me-the-note' argument fails as a matter of law.") (citing *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2–3 (W.D. Tex. Apr. 26, 2011) (explaining that the "show-me-the-note" theory is invalid under Texas law) (collecting authority)); *Newhouse v. JPMorgan Chase Bank, N.A.*, No. 4:18-CV-0836, 2018 WL 3589089, at *6 (S.D. Tex. June 12, 2018) ("Plaintiff's claim rests

on what is commonly called the 'show-me-the-note' theory which posits that the foreclosing party must produce the original note bearing a wet ink signature before it may proceed with foreclosure. The Fifth Circuit has rejected the 'show-me-the-note' theory, stating that '[t]he original, signed note need not be produced in order to foreclose.'") (cleaned up) (quoting *Martins*, 722 F.3d at 254-55). Accordingly, Plaintiff's arguments that Defendants may not foreclose until they show possession of the original Note should be dismissed.

Defendants also argue that Plaintiff's wrongful foreclosure claim is premature because no foreclosure sale has taken place. ECF No. 24 at 5. "Under Texas law, a claim for wrongful foreclosure generally requires: (1) 'a defect in the foreclosure sale proceedings'; (2) 'a grossly inadequate selling price'; and (3) 'a causal connection between the defect and grossly inadequate selling price.'" *De Novo*, 2024 WL 4256440, at *2 (quoting *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.))). "Texas does not recognize a claim for attempted wrongful foreclosure." *Id.* (citing *James v. Wells Fargo Bank*, N.A., 533 F. App'x 444, 447 (5th Cir. 2013)). Here, Plaintiff does not allege that a foreclosure sale has taken place and so for this additional reason, his wrongful foreclosure claim should be dismissed. *See id.*

**B.      Plaintiff Fails to State a Claim for Fraudulent Misrepresentation.**

Plaintiff alleges that Defendants "falsely claimed authority to foreclose without possessing the original note," and "knowingly misrepresented their legal status as holders of the debt." ECF No. 21 at 2. Defendants move to dismiss this claim because Defendants do not lack of standing to foreclose and further, Plaintiff's allegations fail to meet Rule 9(b)'s stringent pleading standard. ECF No. 24 at 6–7.

To plead a fraud claim, Plaintiff must sufficiently allege that: (1) Defendants made a material representation that was false; (2) Defendants knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) Defendants intended to induce Plaintiff to act upon the representation; and (4) Plaintiff actually and justifiably relied upon the representation and thereby suffered injury. *See Roberson v. Bank of New York Mellon*, No. 3:17-CV-00190, 2018 WL 3091209, at *6 (S.D. Tex. May 23, 2018), *adopted*, No. 3:17-CV-00190, 2018 WL 3068873 (S.D. Tex. June 21, 2018) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Roberson*, 2018 WL 3091209, at *6 (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX*

7

*Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997))).

Again, Plaintiff may not rely on his show-me-the-note theory of the case to support his fraud claim. Further, Plaintiff wholly fails to plead the who, what, when, where, and how of the alleged fraud as required by Rule 9(b). This is insufficient and so Plaintiff's fraud claims should be dismissed. *See Newhouse*, 2018 WL 3589089, at *4.

**C.  Plaintiff's Breach of Contract Claim Fails.**

Plaintiff alleges that Defendants "foreclosure action violates the terms of the Deed of Trust because they lack standing" and "only the rightful holder of the note may enforce foreclosure." ECF No. 21 at 2. Defendants move to dismiss this claim because Plaintiff fails to establish what provision of the Note or the Deed of Trust Defendants breached and whether Plaintiff performed his duty under the contract.

For Plaintiff to establish a claim for breach of contract under Texas law, he must show: (1) the existence of a valid contract; (2) performance or tendered performance by Plaintiff; (3) breach of the contract by Defendants; and (4) damages to Plaintiff resulting from that breach. *See Newhouse*, 2018 WL 3589089, at *3 (citing *Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016)).

Plaintiff's show-me-the-note theory of the case does not support his breach of contract claim. Plaintiff also fails to plead what provision Defendants breached in the Note or Deed of Trust. Further, there are no allegations before the Court that

demonstrate Plaintiff performed his part of the loan agreements. For these reasons, Plaintiff's breach of contract claims should be dismissed. *See Newhouse*, 2018 WL 3589089, at *3.

**D.     Plaintiff's TDCA Claim Should Be Dismissed.**

Plaintiff alleges that "Defendants engaged in illegal debt collection . . . by threatening foreclosure without legal authority." ECF No. 21 at 3. Defendants argue that this claim fails because Defendants have standing to foreclose and, therefore, Plaintiff has not sufficiently alleged that Defendants committed a wrongful act. ECF No. 24 at 8.

"In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). "To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *Carmon v. Carrington Mortgage Services, LLC*, No. 4:22-CV-03534, 2023 WL 9184038, at *5 (S.D. Tex. Dec. 5, 2023), *adopted*, No. 4:22-CV-03534, 2024 WL 1476162 (S.D. Tex. Jan. 12, 2024) (citing *Carey v. Fargo*, 2016 WL 4246997, at *4 (S.D. Tex. Aug. 11, 2016)).

Plaintiff's erroneous "show-me-the-note" theory does not establish a violation of the TDCA: that Defendants threatened to take an action prohibited by law by foreclosing without showing the original Note. Accordingly, Plaintiff's TDCA claim should be dismissed. *See Lopez v. PHH Mortgage Corp.*, No. SA-21-CV-00754-XR, 2021 WL 5771874, at *5 (W.D. Tex. Dec. 2, 2021).

### E.     Plaintiff Fails to State a RESPA Claim.

Plaintiff alleges that "Defendants failed to properly respond to Plaintiff's qualified written requests seeking verification of the debt and mortgage ownership." ECF No. 21 at 3. Defendants argue that this claim should be dismissed because "Plaintiff's Complaint is devoid of any factual allegations establishing when Plaintiff submitted a qualified written request, that it was a valid request of which Moving Defendants had a duty to respond, to whom it was submitted, and the details of the request," and "also fails because he did not plead any facts from which to conclude that Moving Defendants damaged him." ECF No. 24 at 9.

"RESPA requires a mortgage loan servicer to respond appropriately to a borrower's qualified written request by certain deadlines." *Duplechaine v. HSBC Bank USA, N.A.*, No. 3:17-CV-00221, 2018 WL 2100256, at *5 (S.D. Tex. Apr. 18, 2018), *adopted*, No. 3:17-CV-00221, 2018 WL 2086706 (S.D. Tex. May 4, 2018) (quoting *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) (citing 12 U.S.C. § 2605(e))). "An individual who believes the loan servicer

violated RESPA must allege actual damages resulting from the violation." *Id.* (citing *Whittier*, 594 F. App'x at 836 ("To recover, a claimant must show that actual damages resulted from a RESPA violation."); *Avila v. JPMorgan Chase Bank, N.A.*, No. H–14–3502, 2015 WL 1648940, at *3 (S.D. Tex. Apr. 13, 2015) ("[T]o survive a motion to dismiss under Rule 12(b)(6) a plaintiff must allege actual damages resulting from a violation of § 2605.")). To show actual damages, the complaint must include "facts giving rise to a reasonable inference that [Plaintiff] suffered actual damages from the alleged violation of RESPA." *Id.* (quoting *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012); citing *Armendariz v. Bank of America, N.A.*, No. EP–15–CV–00020–DCG, 2015 WL 3504961, at *5 (W.D. Tex. May 21, 2015) ("Plaintiff's claim still fails because the Complaint contains no facts explaining how this alleged violation impeded Plaintiff's ability to pay the mortgage, or otherwise caused Plaintiff to incur actual damages.")).

As Defendants point out, Plaintiff fails to describe what his actual damages are and how the alleged RESPA violation caused him to incur such damages. Further, Plaintiff does not establish when and to whom he submitted a qualified written request, the details of the request, or any facts demonstrating that it was a valid request to which Defendants had a duty to respond. Therefore, Plaintiff's RESPA claim must be dismissed. *See Duplechaine*, 2018 WL 2100256, at *5.

**F.      Plaintiff's Requests for Declaratory and Injunctive Relief Should Be Dismissed.**

In the amended complaint, Plaintiff also requests declaratory and injunctive relief. ECF No. 21. However, "[i]n the absence of a viable substantive claim, neither declaratory nor injunctive relief is available." *Hudson v. Tex. W. Mortgage, LLC*, No. CV H-15-1593, 2017 WL 9249491, at *6 (S.D. Tex. Feb. 9, 2017), *adopted*, No. 4:15-CV-1593, 2017 WL 928134 (S.D. Tex. Mar. 9, 2017) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action."); *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged")).

Because each of Plaintiff's substantive claims are subject to dismissal under Rule 12(b)(6), his requests for declaratory and injunctive relief should also be

dismissed. *See id.*; *see also Morgan v. Gov't Nat'l Mortgage Ass'n*, No. H-15-1803, 2016 WL 3058301, at *7 (S.D. Tex. May 31, 2016).[5]

## G. Plaintiff Has Not File A Motion For Leave To Amend.

Plaintiff has failed to file a motion for leave to amend. Instead, buried at the end of his response to Defendants' motion to dismiss, Plaintiff requests leave to amend if the Court finds his allegations insufficient. ECF No. 25 at 3. The Court finds that Plaintiff's request fails.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Hudson*, 2017 WL 9249491, at *6 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

Here, Plaintiff has not filed a motion for leave to amend but instead tacks it on as an afterthought to the end of its response to the motion to dismiss. The Fifth Circuit has held that leave to amend must be filed as a separate standalone motion;

---

[5] Also pending before the Court is Plaintiff's motion for preliminary injunction, ECF No. 22, and motion for summary judgment, ECF No. 23. Because the Court recommends all of Plaintiff's claims be dismissed, these motions are denied as moot.

a request buried in a response is not sufficient under the Rules. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (a request in an opposition to a motion to does not constitute a motion within the contemplation of Rule 15(a)) (quoting *Confederate Mem'l Ass'n v. Hines,* 995 F.2d 295, 299 (D.C. Cir. 1993)).

In addition, Plaintiff failed to set forth with sufficient particularity the grounds for the amendment. In total, Plaintiff states "[s]hould this Court find any part of Plaintiff's Amended Complaint insufficient, Plaintiff respectfully requests leave to amend under Rule 15(a)(2), which provides that leave to amend shall be freely given when justice so requires." ECF No. 25 at 3. Plaintiff has not filed a proposed amended complaint that addresses the deficiencies raised. Likewise, Plaintiff has failed to state how he would amend the complaint to state a valid claim. Plaintiff's conclusory request is insufficient. *See Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018) (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (no abuse of discretion in denying leave to amend where the plaintiffs "tacked on a general curative amendment request to the end of their response in opposition to the defendants' motion to dismiss," which stated, "Should this Court find that the Complaint is insufficient in any way, however, plaintiffs respectfully request leave to amend"); *U.S. ex rel. Willard*, 336 F.3d 375, 387 (request to amend buried in response to a motion where the plaintiff failed to state the particular grounds on

14

which the amendment is sought failed to meet requirements of Rule 15(a)).

Accordingly, Plaintiff should not be given leave to amend.[6]

## IV. CONCLUSION

The Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's claims be **DISMISSED**. ECF No. 24.

Further, Plaintiff's motion for preliminary injunction, ECF No. 22, and motion for summary judgment, ECF No. 23 are **DENIED AS MOOT**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on August 19, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[6] Moreover, Plaintiff has already been afforded an opportunity to amend once. Order, ECF No. 19. Even with the assistance of Defendants' prior motion to dismiss, ECF No. 8, Plaintiff's amended complaint failed to cure the noted deficiencies. Given the Fifth Circuit's rejection of essentially the same claims and theories Plaintiff asserted, there is no reasonable likelihood that Plaintiff could amend his claims to overcome the legal deficiencies identified. An amendment would, therefore, be futile and should be denied. *See Hudson*, 2017 WL 9249491, at *6 ("given the Fifth Circuit's rejection of essentially the same claims Hudson asserts herein relative to the Assignment of the Note and Deed of Trust. . . there is no reasonable likelihood that Hudson could amend his claims to overcome the legal deficiencies identified herein.").