United States District Court
Southern District of Texas
**ENTERED**
March 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

RAYMOND JOHNSON, §
        *Plaintiff*, §
§
v. §
§    CASE NO. 4:25-CV-182
§
LAKEVIEW LOAN SERVICING, §
LLC, *et al.*, §
§
        *Defendants*. §

**JUDGE DENA PALERMO'S
REPORT AND RECOMMENDATION[1]**

Before the Court is Plaintiff Raymond Johnson's motions for relief under Rules 59(e), 60(b)(4) and (6), and 62.1. ECF Nos. 44, 51, 52. Plaintiff argues that the Clerk's Office rejected his timely mailed objections to the Court's Report and Recommendation and therefore, the District Judge's Memorandum Adopting the Court's Report and Recommendation based on no objections filed should be set aside. Defendant Lakeview Loan Servicing responded to Plaintiff's motion under Rules 60 and 62.1 that Plaintiff is not entitled to his request. ECF No. 53. Based on the briefing, the relevant law, and the record, the Court finds that Plaintiff's motions should be dismissed.

## I.    BACKGROUND

On August 19, 2025, the Court entered a Report and Recommendation,

---

[1] On February 12, 2026, the assigned district judge referred all post-judgment motions to this Court. ECF No. 56.

recommending Defendant's motion to dismiss be granted and Plaintiff's claims be dismissed with prejudice. ECF No. 41. Objections to the Report and Recommendation were due fourteen days later on September 2, 2025. With no objections filed, the District Judge entered an Order Adopting the Report and Recommendation, ECF No. 42, and Final Judgment, ECF No. 43, on September 10, 2025.

On September 25, 2025, Plaintiff filed a motion to amend the judgment under Rule 59, ECF No. 44, and a notice of appeal, ECF No. 45. On October 6, 2025, Plaintiff filed an additional notice of appeal. ECF No. 47. On November 13, 2025, Plaintiff filed a motion for relief from the judgment under Rules 60 and 62.1. Plaintiff filed a substantially identical motion for relief from judgment on November 24, 2025. ECF No. 52. On December 15, 2025, Defendant filed a response to the motion for relief from judgment. ECF No. 53.

Plaintiff's appeal is currently pending before the United States Court of Appeals for the Fifth Circuit. *Johnson v. Lakeview Loan*, Case No. 25-20429.

## III.    THE MOTIONS SHOULD BE DENIED.

Plaintiff moves for relief under Rules 59, 60, and 62.1. ECF Nos. 44, 51, 52. As noted above, Plaintiff filed his Rule 59 motion and notice of appeal on the same day and Rules 60 and 62.1 motion several weeks later.

"The filing of a notice of appeal is an event of jurisdictional significance—it

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Castro v. United States*, No. 3:04-CR-18-G (1), 2020 WL 6121220, at *1 (N.D. Tex. Aug. 24, 2020), *adopted*, No. 3:04-CR-18-G (1), 2020 WL 6083641 (N.D. Tex. Oct. 15, 2020) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); citing *Moore v. Tangipahoa Parish Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016) (per curiam) ("A timely notice of appeal divests the district court's jurisdiction. . . .") (citing *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010))). "Because an appeal has been docketed and is pending, the [C]ourt lacks the authority to grant the requested relief except as allowed under Rule 62.1 of the Federal Rules of Civil Procedure," which "allows the court to: '(1) defer consider the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *See Gilart v. S. Glazer's Wine & Spirits of Tex., LLC*, No. CV 21-2357, 2023 WL 5108652, at *1 (S.D. Tex. July 6, 2023) (quoting Fed. R. Civ. P. 62.1(a)).

"The purpose of a Rule 62.1 indicative ruling 'is to allow [the court of appeals] to remand the case if [it] deem[s] it "useful to decide the motion before [deciding] the pending appeal."'" *Castro*, 2020 WL 6121220, at *2 (quoting *Matter of Bandi*,

3

676 F. App'x 290, 292 (5th Cir. 2017)).[2]

### A.    Plaintiff is Not Entitled to Relief Under Rule 59(e).

Plaintiff filed a one-page motion to alter or amend judgment under Rule 59(e),

which in its entirety argues:

> 1. Timely Objection Was Filed by Mail. On 8/29/2025, Petitioner timely filed and served by U.S. Mail an Objection to the Magistrate Judge's Report and Recommendation. US Mail reports package was received 9/2/2025 Despite this, the Court's Order of Adoption (Doc. 42) states, *"no objections having been filed."*
> 2. CM/ECF Access Was Improperly Blocked. The Magistrate Judge entered an order barring Petitioner from filing documents via CM/ECF pending resolution of the Motion to Dismiss. This order effectively denied Petitioner the abili1y to lodge objections electronically, restricting Petitioner to mail filings. This restriction resulted in the docket failing to reflect Petitioner's objection.
> 3. Due Process Violation. Under 28 U.S.C. § 636(b)(l) and Fed. R Civ. P. 72(b)(2), Petitioner had a right to de novo review of all timely objections. The Court's adoption of the R&R without considering

---

[2] Plaintiff's motion under Rule 59(e) was docketed before his notice of appeal. Federal Rule of Appellate Procedure 4(a)(4) provides that if a party files a timely motion to alter or amend judgment under Fed. R. Civ. P. 59, the notice of appeal becomes effective only after "the order disposing of the last such remaining motion is entered." *Madrigal v. Russell Tr. Ass'n*, No. 2:17-CV-340, 2018 WL 522407, at *1 (S.D. Tex. Jan. 5, 2018), adopted, No. 2:17-CV-340, 2018 WL 513346 (S.D. Tex. Jan. 23, 2018) (quoting Fed. R. App. P. 4(a)(4)(B)(i); *Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005) (The timely filing of a Rule 59(e) motion 'suspends or renders dormant a notice of appeal" until the motion has been disposed of by the district court, without regard to whether the motion was filed before or after the notice of appeal)). Even if these motions are subject to Rule 62.1, because the Court recommends denial of the motion, an allowed action under Rule 62.1, the timing is inconsequential. *See In re BNP Petroleum Corp.*, No. 09-20206, 2012 WL 7620694, at *3 (S.D. Tex. Feb. 27, 2012) ("Once the notice of appeal has been filed, a bankruptcy court may *consider* or *deny* a Rule 60 motion; however, it no longer has jurisdiction to *grant* such a motion while the appeal is pending. If the bankruptcy court is inclined to grant the Rule 60 motion, then it must obtain the leave of the district court.") (citing *Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004)); *see also Adame v. Refugio Cnty.*, No. 2:16-CV-139, 2017 WL 9618365, at *n.3 (S.D. Tex. Dec. 11, 2017), *adopted*, No. 2:16-CV-139, 2018 WL 1918656 (S.D. Tex. Apr. 24, 2018).

> Petitioner's mailed objection constitutes a violation of due process and a manifest error of law.

ECF No. 44 at 1.

"A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Mejia v. Kemp*, No. 2:22-CV-00216, 2024 WL 2755050, at *2 (S.D. Tex. May 6, 2024), *adopted*, No. 2:22-CV-00216, 2024 WL 2806956 (S.D. Tex. May 30, 2024) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). "A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004))' *Madrigal v. Russell Tr. Ass'n*, No. 2:17-CV-340, 2018 WL 522407, at *1 (S.D. Tex. Jan. 5, 2018) ("A motion to alter or amend the judgment under Rule 59(e) . . . 'cannot be used to raise arguments which could, and should have been made before the judgment issued.'"), *adopted*, No. 2:17-CV-340, 2018 WL 513346 (S.D. Tex. Jan. 23, 2018) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990))). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Mejia*, 2024 WL 2755050, at *2 (citing *Templet*, 367 F.3d at 479).

Plaintiff's unsupported and bare allegations do not justify the extraordinary remedy he seeks. Plaintiff does not clearly establish a manifest error or law or fact or present newly discovered evidence. The Report and Recommendation provided Plaintiff with clear instructions on when to file objections. ECF No. 41 at 15. Furthermore, Plaintiff mailed several filings successfully to the Court prior to when the need to file his Objections arose, which indicates he knew how to do so. ECF Nos. 10, 13, 14. There is no indication that the Court or Clerk's Office ever received, much less rejected, Plaintiff's Objections although he asserts that the package was received on September 2, 2025—as discussed more in depth below, it is unclear from Plaintiff's motion who received said package that allegedly held Plaintiff's Objections.[3] Instead, the docket reflects that no objections were received and rejected or filed before or after entry of the District Judge's memorandum adopting and final judgment over a week later. ECF Nos. 42, 43.

Moreover, Plaintiff's argument that the Court's stay of his electronic filing privileges pending resolution of the motion to dismiss due to his numerous daily filings "denied Petitioner the abili1y to lodge objections electronically, restricting Petitioner to mail filings" does not warrant relief under Rule 59(e). Plaintiff is not

---

[3] Plaintiff's Rule 60(b) motion, which includes tracking information of this package, also does not include this information. ECF No. 52 at 19. Plaintiff attests in his Rule 60(b) motion that his objections were rejected and returned to him, but the tracking information does not include this information and Plaintiff states he is unable to locate any evidence of this fact. ECF No. 52 at 5, 19–20.

entitled to electronic filing privileges and the record does not show that being restricted to mailing or hand-delivering his filings inhibited his ability to timely submit objections. Plaintiff argues that he timely delivered his Objections on September 2, 2026, but they were rejected, and the docket shows that Plaintiff successfully submitted mailed filings prior to his need to mail his Objections.

Plaintiff has not stated any sufficient grounds for relief pursuant to Rule 59(e). *See Madrigal*, 2018 WL 522407, at *2.

### B.   *Plaintiff is Not Entitled to Relief Under Rule 60(b)(4) or (5).*

Under Rule 60(b), a motion for relief from a judgment or order may be granted if the party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) certain newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) voidness of the judgment; (5) events casting doubt on the validity or equity of continuing to apply the judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6); *see also Day v. Lumpkin*, No. 3:21-CV-15, 2022 WL 22869606, at *1 (S.D. Tex. Dec. 14, 2022). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Lloyd's Syndicate 457 v. FloaTEC LLC*, No. CV H-16-3050, 2018 WL 7264645, at *4 (S.D. Tex. Dec. 27, 2018) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)). "Relief under Rule 60(b) is an extraordinary remedy; 'the desire for a judicial

process that is predictable mandates caution in reopening judgments.'" *Id.* (quoting *Halliburton Energy Servs., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 620 (S.D. Tex. 2009) (quoting *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005))).

Plaintiff moves for relief under Rule 60(b)(4) and (6). ECF Nos. 51, 52. "Rule 60(b)(4) provides that a court 'may relieve a party or its legal representative from a final judgment, order, or proceeding' if 'the judgment is void'"—"[a] judgment is not void 'merely because it [was] erroneous,' but may be void if due process was violated." *Covenant Clearinghouse, LLC v. Trinity Falls Holdings, L.P.*, No. 4:22-CV-711-JDK, 2023 WL 6147165, at *3 (E.D. Tex. Sept. 20, 2023), *aff'd sub nom. Matter of MA-BBO Five, L.P.*, No. 23-40601, 2024 WL 5155560 (5th Cir. Dec. 18, 2024) (quoting Fed. R. Civ. P. 60(b)(4); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)). "A court may provide relief from judgment under Rule 60(b)(4) in only two circumstances: '1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with due process of law.'" *Drewery obo Felder v. Gautreaux*, No. CV 18-376-JWD-RLB, 2020 WL 5441230, at *4 (M.D. La. Sept. 10, 2020) (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (citing *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998))).

"Due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction, and even serious procedural

irregularities during the course of the civil case will not subject the judgment to collateral attack." *Searcy v. Dir., Tex. Dep't of Criminal Justice, Corr. Institutions Div.*, No. 3:19-CV-580-K-BH, 2022 WL 868849 (N.D. Tex. Feb. 24, 2022), *adopted sub nom. HARVEY LELANE SEARCY, ID # 02031801, Petitioner, v. DIRECTOR, Tex. Dep't of Criminal Justice, Corr. Institutions Div., Respondent.*, No. 3:19-CV-580-K-BH, 2022 WL 865900 (N.D. Tex. Mar. 22, 2022) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)). "[U]nder our system of justice, the opportunity to be heard is the most fundamental requirement." *Id.* (quoting *Brown*, 84 F.3d at 143; citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("'The fundamental requisite of due process of law is the opportunity to be heard.'")).

"Declaring a final judgment void is an 'extraordinary remedy.'" *Taylor v. Colvin*, 616 F. App'x 685, 687 (5th Cir. 2015) (citing *Carter v. Fenner,* 136 F.3d 1000, 1007 (5th Cir. 1998)). "For a judgment to be void, not only must the procedural deviation rise to the level of a 'fundamental infirmity,' but the resulting judgment must also be 'affected by' that infirmity." *Id.* (quoting *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270 (2010); citing *Kreimerman v. Casa Veerkamp SA de CV,* 22 F.3d 634, 646–47 (5th Cir. 1994) (observing that premature adoption of a report and recommendation is usually subject to harmless error review)).

Here, Plaintiff does not contest the Court's jurisdiction. Instead, he argues that

he has been denied due process because although he attempted to timely file objections, the Clerk's Office refused to docket them and "the District Judge proceeded as if [Plaintiff] had remained silent." ECF No. 52 at 2. In support of his motion, Plaintiff attaches: (1) his Declaration; (2) a copy of his unfiled Objections;[4] (3) an August 25, 2025 letter addressed to District Judge Keith Ellison submitting his Objections;[5] (4) an August 29, 2025 certified mail receipt for mail sent to "Fed Court" without a listed recipient address; (5) tracking information indicating a package "was delivered to an individual at the address at 1:46pm on September 2, 2025 in Houston, TX 77002;" (6) an email noticing electronic filing on "8/19/2025" of the Report and Recommendation from the Clerk's Office; (7) an email noticing electronic filing on "9/25/2025" of Plaintiff's Rule 59(e) motion from the Clerk's Office; (8) an email noticing electronic filing on "9/25/2025" of Plaintiff's notice of appeal from the Clerk's Office; and (9) a spreadsheet with documents, recipients' names and addresses, date mailed, and tracking numbers.[6]

On August 19, 2025,[7] the Court entered a Report and Recommendation,

---

[4] The Certificate of Service notes service on opposing counsel and the Magistrate Judge's Case Manager, "Carol Felchak, United States District Clerk, Post Office Box 61010, Houston, Texas 77208." ECF No. 52 at 12. The Court is unaware of any P.O. Box that receives filings on the Court's behalf.

[5] The District Judge assigned to this case is Judge Sim Lake.

[6] The notation for Plaintiff's Objections lists "Court Magistrate" at 515 Rusk St., Houston as the recipient.

[7] Plaintiff's Declaration lists very different dates, unsupported by the docket. *See* ECF No. 53 at 4 ("On 9/25/2025, the Magistrate Judge issued a Report and Recommendation. . . . ").

recommending Defendant's motion to dismiss be granted and Plaintiff's claims be dismissed with prejudice. ECF No. 41. Objections to the Report and Recommendation were due on September 2, 2025. On September 10, 2025, with no objections filed 22 days after the Report and Recommendation, the District Judge entered an Order Adopting the Report and Recommendation, ECF No. 42, and Final Judgment, ECF No. 43.

Plaintiff has failed to demonstrate that he timely submitted his Objections to the Report and Recommendation and that those Objections were rejected by the Clerk's Office. Plaintiff's submitted evidence is unclear as to where he sent his Objections to the Report and Recommendation. In his Certificate of Service, he lists a P.O. Box address and the Magistrate Judge's Case Manager as recipient, ECF No. 52 at 12. In his letter accompanying his Objections, he lists Judge Ellison in Courtroom 3A, who is unassociated with this case, as recipient, ECF No. 52 at 14. His certified mail receipt fails to list any recipient address, ECF No. 52 at 16. In his spreadsheet notation, he again lists "Court Magistrate" as recipient, ECF No. 52 at 32.

The evidence is equally unclear as to whether this filing was rejected by the Clerk's Office, as Plaintiff suggests. Plaintiff attests that he cannot locate the returned envelope that demonstrates "the Clerk's return markings." ECF No. 52 at 5. His tracking information for the filing indicates that it was not returned or rejected,

but rather left with an individual in Houston, Texas 77002 on September 2, 2025. ECF No. 52 at 19. The docket does not reflect that the Clerk's Office received, rejected, or returned any filing from Plaintiff on September 2, 2025 or any date following entry of the Report and Recommendation.[8]

Furthermore, although his Objections were allegedly rejected by the Clerk's Office on September 2, 2025, Plaintiff took no action over the following eight days to again attempt delivery, file a motion, or otherwise contact the Clerk's Office or District Judge prior to adoption of the Report and Recommendation on September 10, 2025. Plaintiff has not demonstrated a basis to find the judgment void. *See Taylor v. Colvin*, 616 F. App'x at 687 (no basis to find a judgment void where the plaintiff contended that the district court violated his due process rights by adopting the magistrate judge's recommendation before the time for objections had elapsed because "[e]ven if the district court had waited the extra six days Taylor contends it should have, it would not have received any objections from Taylor to consider" because "Taylor failed to make any contact with the court, which could have included pointing out the late mailing or requesting an extension, during those six days or even shortly thereafter," which "would have likely resolved the

---

[8] Additionally, the docket reflects several successfully filed motions and notices from Plaintiff entered prior to the Court's grant of his electronic filing privileges, demonstrating that he was aware of how to successfully file items in this case before needing to file objections. ECF Nos. 10; 13; 14.

timeliness issue and allowed for consideration of the merits of Taylor's objections.").[9]

Plaintiff's request under Rule 60(b)(6) fares no better. "Rule '60(b)(6) is a catchall provision that allows a court to grant relief "from a final judgment, order, or proceeding' for 'any other reason that justifies relief."'" *Lloyd's Syndicate 457*, 2018 WL 7264645, at *5 (quoting *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017). "Subsection (b)(6) is 'mutually exclusive' with the rule's other clauses and extends relief only in 'extraordinary circumstances.'" *Id.* (quoting *Scott*, 899 F.3d at 419 (quoting *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002))). "It naturally follows that 'reason[s] for relief set forth under subsection (b)(6) cannot be the reason[s] for relief sought under another subsection of 60(b).'" *Gonzales v. City of Orange*, No. 1:23-CV-00227-MJT, 2025 WL 650319, at *n.8 (E.D. Tex. Feb. 6, 2025), *appeal dismissed sub nom. Gonzales v. McDonald*, No. 25-40102, 2025 WL 3657598 (5th Cir. Dec. 17, 2025) (quoting *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002)).

The entirety of Plaintiff's Rule 60(b)(6) argument is: "[e]ven if the Court does

---

[9] Insofar as Plaintiff argues that limiting his access to the Court's electronic filing system constitutes a violation of his due process, this argument also fails as he had notice of all filings and could file his documents in person or by mail. *See McMahan v. Rushmore Loan Mgmt. Services*, No. 4:22-CV-01525, 2025 WL 4095830, at *5 (S.D. Tex. Dec. 10, 2025), *adopted sub nom. McMahan v. U.S. Bank Nat'l Ass'n*, No. CV H-22-1525, 2026 WL 257576 (S.D. Tex. Jan. 30, 2026) ("Plaintiff's argument lacks merit because he had notice (1) of the filings and (2) that he should file his documents in person or by mail if he could not access the Court's electronic filing system.").

not deem the judgment void, the circumstances here-Clerk refusal preventing statutory objections, followed by entry of judgment premised on the absence of objections-are exceptional and justify vacatur to restore the de nova review Congress mandated." ECF No. 52 at 2–3. Plaintiff has failed to demonstrate he is entitled to relief under Rule 60(b)(6). *See Spikes v. Louisiana*, No. CV 18-08884, 2020 WL 4678292, at *3 (E.D. La. July 28, 2020) ("Obviously, petitioner's foregoing three-sentence statement of his vague argument falls far short of those standards."), *adopted*, No. CV 18-08884, 2020 WL 4676288 (E.D. La. Aug. 12, 2020).

## IV.    CONCLUSION

The Court **RECOMMENDS** that Plaintiff's motion for relief be **DENIED**. ECF Nos. 51, 52.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on March 25, 2026, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**

14